Next case is Owen Bozeman v. Secretary of Veterans Affairs, 2015, 7-0-2-0. Mr. Laqua. Good morning, Your Honors, and may it please the Court. The Veterans Court erred when it excused the Board of Veterans Appeals' clear failure to consider relevant evidence in support of Mr. Bozeman's claim. 38 U.S.C. Section 7104A imposes upon the Board of Veterans Appeals a duty, independent of any argument specifically raised by the claimant, to look at all the evidence of record and make a decision based on the entire record before it. But didn't he have three opportunities to raise that and fail to do so? The argument, regardless of the arguments raised at the Veterans Court, this evidence, the 2005 VA examination, was before the Board at the time it made its decision. Therefore, contrary to the Veterans Court's interpretation of the law, the Board of Veterans Appeals had a full and fair opportunity to consider the impact of the 2005 VA examination on its decision. Your complaint is that the Board did not mention the 2005 decision? Our complaint is that the Board arrived at a finding that Mr. Bozeman's impairments were related to substance abuse rather than PTSD without adequate consideration of this 2005 VA examination, which specifically states that his substance abuse is related to his PTSD. Because the Board, in its decision, I'm looking at, I think this is 116 of the appendix. It says, in adjudicating the claim, the Board has reviewed all of the evidence in the Veterans Claims File, including any found in virtual VA, and the 2005 exam was part of that file. But the Board never made any explanation as to why it found the 2002 VA examinations findings more probative than the 2005. Is your problem here the way the Veterans Court rejected this argument, not just because? Because it seems to me that if the Veterans Court had said, you know, the Board said that thing that my colleague just quoted, and they considered all the evidence, we have to presume that they considered the 2005. I think it's the 2005 doctor's report. That's correct. And said, we'll presume that they considered it and rejected it, and relied on the 2002. You wouldn't be here, would you? Because that would be the Veterans Court saying that there was inadequate reasons and bases, and we can't review that. That would be correct, Your Honor. That would be an entirely different situation. What we have here is the Veterans Court not reaching the merits of the Board of Veterans Appeals decision. By using their issue proposal. Exactly, Your Honor. And I'm struggling a little bit with this, because I do think that it seems to me that they may have legally expanded the scope of the issue preclusion rule erroneously. But I'm wondering whether that's actually true, or it's just a misapplication of their issue preclusion rule, which even if we disagreed with, would still be an application of law, the fact that we can't review. Well, the reason it's not an application of law to fact is that here we have 7104A, which directs the Board to look at this evidence regardless of what arguments are raised. Issue preclusion cannot apply to something that the Board was supposed to address, whether or not the veteran raised it in the first place. I'd like to get away from talking about the viability of the issue preclusion rule altogether. I know you disagree with it, and I think it's contrary to Sims. But let's assume that it's a good rule. I'm worried that they've expanded it to go beyond issue preclusion to evidence preclusion. And it seems to me that assuming that we accept that issue preclusion is a good rule, even if the Board is required to look at everything and articulate all legal theories, the issue preclusion could still preclude it on a legal theory that was never raised until the veteran court. But here, the legal theory is, and the legal argument, is all about an earlier effective date, right? And so you've raised this all throughout, and all you said to the veterans court was they didn't consider this piece of evidence. And that's not a new legal argument, is it? No, that's correct, Your Honor. It's not a new legal argument. It seems to me that that's an improper use of issue preclusion. But does it go beyond the line of an improper application to an improper legal interpretation? I think that this court can interpret the rule. And I think that that's what precedent says in Sims. And I think it's more consistent with this court's precedent in Robinson and the recent case of Scott that when it comes to the Board's duty to consider evidence, an argument based on a failure to comply with that duty, issue preclusion cannot apply to that situation. Because of the existence of 7104... Because there's no new legal issue that's being raised for the first time on the Hill. It's just additional argument, evidentiary argument, in favor of that legal argument that's already been raised to the Board. That's exactly correct, Your Honor. Just to pick up, is what you're saying that 7104 prevents the exhaustion rule from being used when evidence is involved, is that it? That's right. Because the Board needed to do this, whether or not the veteran raised the argument to the Board... About the evidence. About the evidence, because the Board needed to consider that evidence and as part of that consideration determining its relevance and how that would affect its ultimate decision, there is no question of exhaustion in this case because the issue was before the Board at the time it made its decision in light of the statute passed by Congress. So you would say that Maggott or Maget doesn't speak to this, it speaks to legal issues? I would argue first that... In that case, we had not a question of looking at evidence, but two legal issues that were raised. Well, first of all, that case came before Sims, so I would argue that Sims... Let's assume Sims did not overrule that case. I think Scott here is instructive because Scott looks at a narrow exception to the rule in Sims where, you know, if there is a procedural issue, something that would have been on the veteran to raise in the first place, you know, upon being notified, you have not renewed your request for a hearing, he didn't then come back and say... What about the fact here, Mr. Lockwood, that we have a little bit of an unusual, not unusual, but a little bit of a different situation. We're not here talking about a direct appeal up from the BVA where the CAVC said, no, you didn't raise this before the BVA. We're looking at this in the setting of a situation where there was a joint motion for remand, very specifically pointing the board to two issues, one of which the TDIU isn't before us anymore, but isn't that a different situation here? I mean, what is wrong in that situation of applying the exhaustion requirement to effect? Two responses to that, Your Honor. First and foremost, the joint motion for remand in this case expressly left open the board's duty to look at all of the evidence of record, conduct a critical examination of the justification for its prior decision, and address all issues of fact and law presented on the record. So the board was actually expressly directed to comply with all of those statutory duties on remand. There's really nothing additional that could have been done to trigger the board's duties to comply with the statutes that are already on the book. If we apply this exhaustion rule here, isn't it going to either require the veterans, when they agree to a joint remand motion, to list specifically every single piece of evidence they want reconsidered, or when it goes back to the board, file another brief to the extent they have an opportunity, saying every single piece of evidence, or to say, look at everything? That's right, Your Honor. The thing that's difficult for me about this case is that it seems like it's hard to tell one way or another because the board didn't specifically say it, but they had the record before it, so we would normally, I think, presume that they did look at this and just didn't find the 2005 report persuasive. It seems like the veterans court should have said that on the merits, if that's what they thought, rather than use this loophole to duck the merits argument. I think that's correct, Your Honor. We don't know exactly what the veterans court may have found. They may have found that the board's failure to discuss this 2005 examination was prejudicial because on remand, the board might find that the 2005 examination was more probative. But that's not before the court, of course, because the veterans court went around this issue entirely using this exhaustion rule. The fact of the matter is, Your Honors, there's only one statute that gives the board jurisdiction to make a decision on a claim, and that's 7104. Congress could have, if they wish to, when they pass the VJRA, put a second statute right beside that saying, for cases coming back from the veterans court, the board's duties are narrowed. They only need to address what the veterans court did, but Congress chose not to do so. No, that's okay, Your Honor. If the panel has no further questions, I'll simply reserve the remainder of my time for rebuttal. We'll do that, Mr. Rocha. Thank you, Your Honor. in terms of whether or not the veterans court precluded somebody or affirmed the board's failure to consider evidence, which I think, in response to Judge Hughes' own observations, calls into question the presumption that the board, and Judge Schall's note at the beginning with respect to the site to the record, the presumption that the board did consider all the evidence. But they didn't say that. I'm sure you listened to the questions. It seems to me a little troubling that they're extending this issue preclusion rule, which I think we're being called on to overrule altogether. I'm not sure that that's correct, but they're extending it to a pretty far extreme that's going to, in essence, require veterans to do some kind of specific pleading on remands and the like about every single specific piece of evidence they want the board to look at in terms of their argument. That seems to me to be an awful burden to impose on veterans, particularly a lot of them that are underrepresented. Why isn't this issue preclusion rule confined only to legal arguments that weren't raised in time instead of evidentiary arguments in support of a legal argument that has been raised? Well, the decision here could have been better in the sense that it could have described specifically what had already been done by the board. In this case, when you look at the entire record, it's clear that in 2012, the board looks at this question of whether Mr. Bozeman is entitled to an increased... Remember, he's already been service-connected and has had a rating going back to 93. The precise question after the first board's decision, which found that he was 70% entitled from February 2003 on, but 50% prior, was whether he was entitled to 70% for the 18 months prior to February 2003. That was the issue that was raised and the argument raised before the veterans court was that there was evidence in the record with respect to the 2002 medical opinion that suggested that perhaps he had... The medicine was causing him problems, but they couldn't tell what the medicine was that the board was referring to. Was it the medicine that he was taking for his PTSD, which would seem to suggest perhaps maybe he deserved an increase, or was it recreational drug use that was causing this? That's the issue that's presented. That's the issue that's... I understand all this. If the veterans court had said, the board looked at all this, and even though they didn't specifically cite the 2005 report, they presumably looked at it, and their decision rejecting an earlier effective date is not clearly erroneous and supported by evidence, that'd be fine. They didn't say that. They said it weighs in favor of invoking exhaustion doctrine not to even consider the argument about whether there was a reasons and basis deficiency for not citing the 2005 thing. That seems to me to be different than just saying they considered it without citing it. I think that the argument that... As I understand the argument that was presented to the veterans court, it was that there was an error in not understanding that the 2005 document was an interpretation of the 2002 document. But the issue before the board... You think that's a new legal argument? I think it's a new... Can I just step back from the facts in this case? Do you agree that it's not appropriate to apply this issue exhaustion rule to evidentiary pieces of evidence that maybe weren't specifically pointed out but were in the record and the board was required to look at? I think that generally no, but I could see possibly exceptions depending upon the nature of the argument. Well, it's the evidence they're pointing to implicates a new legal theory, of course, and that's the issue of preclusion because it's a new legal theory. But here, there's no new legal theory. Everybody's arguing about effective date. The VA was certainly on notice that that's what the veteran was arguing about. He's just pointing to a new piece of evidence. I'm not sure, though. Frankly, when you read the entire briefing before this court, there's suggestion that the argument really is turning into a secondary service connection argument, that by reading the 2005 opinion, there's a suggestion that... That's not what the veterans court says. The veterans court doesn't say that, no. The veterans court just said that they weren't going to entertain this new argument. But you're right. They don't say that in the opinion. It's not a new legal argument, though. It's a new evidentiary argument. Well, to the extent someone is arguing that a 2005 medical opinion actually supports an argument on behalf of secondary service connection, that's a new claim. It's a new issue. It's a new argument. So that would be subject to issue preclusion, and I'm prepared to address that. Well, no. I mean, the veterans court didn't phrase it that way. The veterans court phrased it in terms of this isn't a piece of evidence that they didn't specifically point out to the board, and therefore, we're going to apply exhaustion. And my response to the... If that is a correct reading of what happened here, I know you dispute that somewhat. If that's a correct reading, then isn't the implication of the veterans court decision that they think issue exhaustion can apply to evidentiary? To the requirement to consider all the evidence at the second time. I mean, if that's the reading, then that would... You think that's a correct reading, if that's the reading? I don't think that's a correct reading, but I don't think that's what happened. I do think that what happened here is simply that the veterans court determined that the issue before them, the issue before the board the whole time, was this 18-month period about increased service connection. And then that was what the board addressed, and that the 2001 and 2002 medical opinions were more probative of that period of time than was a 2005 medical opinion. And so therefore, it's not an error on the part of the board to not reference the 2005... That would be great, and you would definitely win if that's what the veterans court had said, or at least I think you would definitely win. Sorry. But they didn't say that, and they're using this procedural loophole in a way that, to me, if we continue to allow the veterans court to do this, and allow the secretary to argue this issue preclusion rule in a broad way at the veterans court, seems to burden veterans in a way that the system wasn't intended to do. But here's the problem, and there's ways to deal with this without reversing. Because frankly, what the board did here, which is really what's at issue, was proper. They looked at the issue that was presented. They focused on the pertinent probative evidence, cited the fact that they had... Sure, but the problem here is not with the board. The problem is with the veterans court and the secretary urging this issue preclusion rule at the veterans court, and the veterans court buying off on it. But a remand... If we affirm this, doesn't that just encourage the secretary to expand the use of this even more at the veterans court? Depends on what grounds you affirm it. I mean, I know this could be sensitive, but... But we can't affirm on grounds that the veterans court didn't rely on. You could find that any remand at this point isn't necessary because the board did, the agency did what it was supposed to do here. So you're suggesting, it sounds to me like you're suggesting a harmless error, which you didn't put in your briefs. No, but that's because... It seems to be problematic with our jurisdictional statute anyway. We looked at this case as one suggesting that a new issue was being raised, consistent with what the veterans court said, despite the fact that the argument is that evidence wasn't considered. Really, what's being argued here is a basis for increase in the rating, and the two pertinent contemporaneous medical... And make sure I know where you are on this point, because I think you agree that if the veterans court interpretation of issue preclusion extends to a rule that would allow it to refuse to consider arguments about certain pieces of evidence, unless they were specifically raised to the board on remand by the veteran, that that's an incorrect legal interpretation of issue preclusion. I'm going to respond. As long as it pertains to a legal issue that has been raised. That's the presumption. If the legal issue has been raised, the fact that on appeal, after a remand, the veteran points to evidence that was in the record, that was supposed to have been considered, but may not have been specifically pointed out by the veteran, that is not barred by issue preclusion. I could see a situation where what you're suggesting is that without having... Statutes in the case law provide the claimant with the opportunity to identify the weakness in the board's decision. And they go back, and they have the opportunity under Krzykowski and Kay, the veterans court's precedent with respect to post-remand submission of evidence and argument, to do that. And they don't. And whether you call it issue preclusion, or whether you call it finally deciding a waiver of an opportunity, that a situation could arise in which the veterans court would be within its discretion to say, no, this type of thing should have been raised to the board, brought to its attention, made some... To the agency, along the lines of... Even when the board already has an obligation to consider that evidence. I think you get... I mean, you get back to the question of how reasonable the evidence rate is raised with respect to the issue that's presented. So a factor in the analysis would be, well, if it's really obvious that they should have picked this up, then the board should have picked it up. And the fact that the appellant didn't raise it to them doesn't matter. The board should have picked it up. If it's less obvious, then the things we point out to our brief with respect to mandate rule and other things like that, can factor into the veterans court's decision as to whether or not enough is enough. The remand processes should end because everyone had an opportunity to make their arguments, and they did, and they didn't make that argument. Well, let's say hypothetically in this case, the veterans court had found the board error because it didn't look at this 2005 report. So there's no dispute that they didn't look at it, unlike here where I think factually they probably did and just discarded it. But let's just assume the board specifically did not look at it, and the veterans court found that that's an error. And that's probably a reasons and basis remand or some other kind of remand. But then they go on and say, but even though that's an error, because the veteran didn't specifically raise this piece of evidence at the board, we're going to apply issue preclusion. Is that a proper interpretation of issue preclusion? Probably not. Okay. I just want to see how far you're pushing it. I understand why you don't want to concede that you can never use issue preclusion for evidentiary things. Because like you, I might find some rare things. This one seems, if you assume that the board didn't consider it, a step too far. But again, I think as your honors pointed out earlier, you have Bernklaw and Hartman that are precedent in this court. And the presumption is that it was considered, especially when there's some suggestion by the board that they did consider it. And even though they didn't analyze it, it makes perfect sense that it wasn't analyzed. It seems like that would have been the better argument for the secretary to make to the veterans court and for the veterans court to buy off on rather than this extension of issue preclusion. Possibly. I'll be back in a few minutes. Thank you, Mr. Hoffey. Mr. Alacla has a few minutes. Thank you, your honor. The question for whether or not exhaustion can apply to any particular argument is whether or not the issue was presented to the board under 7104A, not under the pleadings by the veteran in the veterans court, not by the pleadings by the veteran to the board. The issue is whether 7104 and the evidence of record places the issue before the board. What we have here. You heard the discussion between the colloquy between Judge Hughes and Mr. Hockey. And I'm thinking to the tail end of that discussion, are you saying there could never be a situation where the exhaustion doctrine could properly be applied to prevent a new issue from being raised? For example, say you had a joint remand motion and an order following that motion. And it very specifically spelled out, said, all right, the board is to go back and look at items of evidence A, B, C, D, and E. No more than that. And then following that, the board looks at A, B, C, D, and E. And the case comes back up and the veteran raises F. Now, would you say that in that situation even you could not have exhaustion as a bar? It would depend, your honor, on whether or not the prior board decision was vacated in its entirety. And we've seen cases where, for example, the veterans court will say, we affirm the board's decision with regard to secondary service connection, but we're remanding strictly the issue of direct service connection. That could be a case where the board only needs to address direct service connection on remand. But if the veterans court, and even if a joint motion for remand vacates the entire board's decision, now we have no final board decision on the issue of service connection. And 7104 is the only statute that describes what is supposed to happen in a final board decision. And the board's decision can't just be limited to certain pieces of evidence because the board also needs to look at how those pieces of evidence interact. But if that joint motion for remand, because it seems to me that if it's a narrow order, what they're going to do is not vacate. They're going to say, you maybe didn't consider these five pieces of evidence properly. Look at them again. If it's not vacated, then it's okay, isn't it, for the board to confine its review to those things directed by the veterans court. And unless you raise additional things, it wasn't incumbent upon the board to look further. I agree that's not the case you have here. I agree that's not your case. The facts are different from that, from the hypothetical that I posited. But focus on that hypothetical and that Judge Hughes was asking about. It's hard to imagine, however, how the veterans court could send an issue back without vacating the board's decision because 7261A says they can set aside findings and decisions, but sending it back only to look at specific pieces of evidence without vacating the board's decision, if they're doing that, then they're leaving the board's prior final denial of the claim in place. So it's difficult to imagine how the veterans court could actually do such a thing. I understand, but let's assume they can. Basically, I think what we're getting at is the veterans court directs a specific limited remand. The board complies with that. The veteran doesn't raise any new arguments or evidence or anything while it's at the board and then tries to do it on appeal again to the veterans court after that limited remand. That seems like a proper place for issue preclusion, even if it's an evidentiary issue. I think the veterans court would need to be very direct and specific in order for that to succeed. And the veterans probably not going to agree to that kind of limited remand anyway, but hypothetically it could happen. That's correct, Your Honor. Thank you, counsel. Thank you very much. Case under advisement.